IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC
SERVICES, INC.                                                                                    PLAINTIFF

v.                                     Case No. 4:19-cv-4157

HALIRON POWER, LLC                                                                            DEFENDANT

## ORDER

Before the Court is the Motion to Withdraw as Counsel filed by Plaintiff Foreman Electric Services, Inc.'s attorneys of record. (ECF No. 44). The Court is informed that Defendant Haliron Power, LLC does not oppose the motion. The Court finds the matter ripe for consideration.

Citing material differences between them and Plaintiff on how to present this case, Plaintiff's counsel—Brad J. Davidson, Kristen Vander-Plas, and C. David Glass—seek to withdraw from this case as attorneys of record. They state that Plaintiff is actively seeking new counsel, but any successor attorney is currently unknown. Citing difficulties created by the proliferation of COVID-19, Plaintiff's counsel also ask the Court to stay this case until either thirty days after Plaintiff obtains new counsel or thirty days after Governor Asa Hutchinson lifts his March 11, 2020 declaration of emergency, whichever occurs earlier.

The Local Rules provide that no attorney shall withdraw except by leave of Court after reasonable notice has been given to the client and opposing counsel. Local Rule 83.5(f). Thus, the Court has discretion in granting leave to withdraw.[1] It is well settled that a corporation may

---

[1] For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of their choice. However, once an attorney has noted his or her appearance in this Court on behalf of a litigant, the Court requires control over whether the litigant should continue to be represented by that attorney. Without such control, the Court's ability to manage its calendar and to administer justice would unavoidably suffer.

not proceed *pro se* in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

Although there may be a situation in which an attorney would be permitted to withdraw and leave his or her corporate client without a lawyer, *see, e.g.*, *Buschmeier v. G&G Investments, Inc.*, 222 Fed. App'x. 160 (3d Cir. 2007), the Court finds that in this situation, counsel should remain. Plaintiff, a corporation, would be unable to litigate its case and advance its claims without licensed counsel. *See First Aid Cellular LLC v. We Fix It Cellular Repair*, No. 8:14CV253, 2014 WL 5590815, at *1 (D. Neb. Nov. 3, 2014) (dismissing all claims asserted by a *pro se* plaintiff corporation). Moreover, without Plaintiff's counsel, the Court will have no way to communicate with the Plaintiff corporation. For similar reasons, the Court declines to issue an indefinite stay of this case until Plaintiff either obtains new counsel or Governor Hutchinson lifts his March 11, 2020 declaration of emergency.

For the above-discussed reasons, the Court finds that the instant motion to withdraw (ECF No. 44) should be and hereby is **DENIED**. Counsel may refile the motion once Plaintiff has secured substitute counsel.

**IT IS SO ORDERED**, this 14th day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge