IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC
SERVICES, INC.                                                                              PLAINTIFF


vs.                                        Civil No. 4:19-cv-04157


HALIRON POWER, INC.                                                                DEFENDANT


**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery from Defendants.  ECF No. 61.  Plaintiff filed this Motion on September 10, 2020.  *Id.*  On September 24, 2020, Defendant responded.  ECF No. 67.  On October 1, 2020, Plaintiff filed a Reply.  ECF No. 71.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court.  After considering this Motion and the response, the Court finds it should be **GRANTED IN PART and DENIED IN PART**.

With this Motion to Compel, Plaintiff seeks to compel responses to two interrogatories and seeks to strike burdensome and relevance objections filed by Defendant as improper and "boilerplate" objections.  ECF No. 61.  Defendant argues they have fully complied with the disputed discovery requests and all objections are proper.  ECF No. 67.

**1.  Interrogatory #11**

According to Plaintiff, Interrogatory 11 asked Defendant to provide an accounting of all funds (including without limitation money, cryptocurrency, and any other liquid assets) Defendant has received from, or on behalf of, Fluor Daniel Caribbean, Inc. ("FDCI") or any of FDCI's parents, subsidiaries, affiliates, or sureties from September 1, 2017 to the present.  Defendant states

1

it will have complied with this interrogatory by providing bank statements for the time period, once the Agreed Protective Order is entered.

However, Plaintiff argues that in a related lawsuit in South Carolina, Defendant alleged it had received $7,983,160.94 from FDCI, but that the bank statements in question only show deposits totaling $7,007,599.72. Defendant claims the nearly $1 million difference is explained by FDCI withholding money for taxes.

Defendant shall fully answer Interrogatory 11 by providing the bank statements in question upon the entry of the Agreed Protective Order, along with an amended response setting forth the explanation for the nearly $1 million difference in deposits.

### 2.  Interrogatory #12

According to Plaintiff Interrogatory 12 asks Defendant to describe what it did with project funds that were identified in Interrogatory 11. In their response to Interrogatory 12, Defendant objected because it was overly broad, unduly burdensome, and seeks information that is irrelevant and otherwise exceeds the scope of permissible discovery under FED. R. CIV. P. 26(b)(1). ECF No. 61-2, pg. 10. Defendant further answered by stating it reserves the right to supplement this Interrogatory with additional documents determined through further investigation and/or discovery. *Id.* In its Response, Defendant states the bank statements to be provided in response to Interrogatory 11 will answer this Interrogatory.

As stated above, Defendant shall fully answer Interrogatory 12 by providing the bank statements in question upon the entry of the Agreed Protective Order.

### 3.  "Boilerplate" Objections

Finally, Plaintiff states Defendant's amended responses fail to state burdensome and relevance objections with particularity as required by Local Rule 33.1(b) and Defendant must be

compelled to withdraw these improper objections, or restate them with particularity. ECF No. 61. Plaintiff also states it is unable to determine whether Defendant is using them as a basis to withhold documents. *Id*.

Pursuant to Local Rule 33.1(b), the ground or grounds for an objection must be stated with particularity and it is not sufficient to state the interrogatory or request is burdensome, improper, or not relevant. The Court finds the objections set forth by Defendant are not improper or in violation of Local Rule 33.1.

Based on the forgoing, Plaintiff's Motion to Compel (ECF No. 61) is **GRANTED IN PART** and Defendant shall provide Plaintiff the bank statements in question upon the entry of the Agreed Protective Order. Plaintiff's Motion is **DENIED** as to the claim of Defendant's improper objections.

**IT IS SO ORDERED this 30th day of October 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE