IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC SERVICES, INC.                                              PLAINTIFF

v.                                      Case No. 4:19-cv-4157

HALIRON POWER, LLC                                                           DEFENDANT

## **ORDER**

Before the Court is Defendants' unopposed Motion for Protective Order. (ECF No. 68). The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information that may be discovered. Upon consideration, the Court finds that the instant motion (ECF No. 68) should be and hereby is **GRANTED**. The Protective Order is as follows:

1. Financial records, accounting records and any other confidential records, documents, tapes, or other information provided hereunder may be disclosed to either party, their attorneys, jurors, the staff of her attorneys, experts retained for this case, the Court and its staff, and witnesses, but only as is necessary and for proper purpose directly related to the litigation of this matter. They shall all be informed of this protective order and required to agree to abide by it to see the information. The parties and their attorneys shall not transfer or communicate any of the financial records, confidential information, documentation, or records produced pursuant to this Order, directly or indirectly, to any person except for a necessary and proper purpose directly related to discovery, litigation, or trial of this action. Counsel for either party may provide copies of such confidential records, documents, or other information to any expert witness[es] retained by either party or persons frequently employed by such expert[s] whose review of the material is necessary and proper for the Plaintiff's prosecution or the Defendants' defense in this litigation;

2. If financial, accounting records or confidential documents or records are used during depositions, the portions of the depositions containing the confidential information shall be treated as confidential in accordance with this Order;

3. All financial records or deposition provisions designated as confidential under this Order shall, when filed with the Court, be clearly marked as confidential, sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel;

4. Both parties, their respective counsel, the retained expert witness/witnesses, or anyone acting on their behalf shall not in any manner, directly or indirectly, transfer financial or accounting records, confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

5. Upon termination of this lawsuit by judgment, by settlement, or by other means, and at the option of the producer of such material, the parties agree to: (a) return all financial records, accounting records and confidential materials, including copies thereof to the producer; or (b) destroy all such materials and copies thereof, after which the party will certify to all other parties in writing that all confidential documents have been destroyed; or (c) maintain all confidential documents in conformity with the Order and the agreements embodied herein. If any party ceases involvement in this action, by settlement or otherwise, such party shall comply with the terms of this paragraph within a reasonable time.

6. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;

7. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of

this Court, including, without limitation, the parties' right to object to any designation of any documents as confidential; and

8. This Order shall not be construed as a blanket Order of protection regarding all documents produced, shared, or otherwise transferred between the parties, counsel of record, or expert witnesses/witnesses, and the parties' right to object to any designation of any documents designated as confidential; and

9. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

**IT IS SO ORDERED**, this 18th day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge