IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC SERVICES, INC.                                                        PLAINTIFF

v.                                      Case No. 4:19-cv-4157

HALIRON POWER, LLC                                                                      DEFENDANT

**ORDER**

Before the Court is Defendant's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 63). Plaintiff has responded. (ECF No. 65). The Court finds this matter ripe for consideration.

Defendant is asking the Court to vacate its Order (ECF No. 59) transferring Defendant's counterclaims to the United States District Court for the District of South Carolina. On September 4, 2020, this Court granted Plaintiff's motion to transfer Defendant's Counterclaims pursuant to 28 U.S.C. § 1404(a) and the Prime Contract's forum-selection clause, but denied Plaintiff's motion to transfer it's claims. On September 14, 2020, Defendant filed the present motion.

Requests to reconsider nonfinal orders are more properly viewed as motions for relief from a judgment or order under Rule 60(b). *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case, and it should not be used as a substitute for a timely appeal. *Nichols v. United States*, 400CR00022-03-WRW, 2006 WL 3420303 (E.D. Ark. Nov. 28, 2006); *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980). Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 989-90.

The only type of judicial "mistake" that is actionable under Rule 60(b) is inadvertence, that is, a court's failure to consider a party's submissions. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000).

Defendant's motion does not raise any claims or arguments that were not raised prior to the ruling on Plaintiff's petition. Defendant argues only that it disagrees with the Court's findings as stated in its order. (ECF No. 64, p. 5). Defendant's disagreement with the Court's findings does not equate to a mistake or any other reason that would justify departure from the Court's initial ruling. Accordingly, the Court finds that Plaintiff has failed to point the Court to any manifest error of law, manifest error of fact, or newly discovered evidence such that would allow the Court to appropriately reconsider its ruling. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998).

For the reasons stated above, the Court finds that Defendant's motion (ECF No. 63) should be and hereby is **DENIED**. Additionally, Defendant's Request for Hearing (ECF No. 75) regarding the present motion is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 25th day of January, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge