IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC SERVICES, INC.                                                    PLAINTIFF

v.                                         Case No. 4:19-cv-4157

HALIRON POWER, LLC,
WILLIAM WEEMS,
LYNN WEEMS a/k/a JESSICA LYNN
WILLIAMS, DIVINE POWER, LLC, JHL
RENTAL LLC, HOLDEN TRAFFIC LLC,
and ARROWHEAD ESTATES LLC                                                         DEFENDANTS

## ORDER

Before the Court are Defendant William Weems's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 126) and Motion for Protective Order and Stay of Discovery. (ECF No. 144). Plaintiff filed a response to Defendant's Motion to Dismiss. (ECF No. 153). The Court finds that Defendant's Motion to Dismiss is ripe for consideration and that no response to Defendant's Motion for Protective Order is necessary.

### I. BACKGROUND

In fall 2017, a series of hurricanes hit Puerto Rico and damaged its power grid. In response, the United States Army Corps of Engineers hired Flour Daniel Caribbean Inc. ("Caribbean") to repair some of the damage. Caribbean hired Haliron Power LLC ("Haliron") as a subcontractor on the restoration project. Haliron then hired Plaintiff Foreman Electric Services Inc. ("Plaintiff") as a subcontractor under its prime subcontract with Caribbean. Plaintiff alleges that it generated $11.1 million in costs and labor under its subcontract with Haliron.

Haliron invoiced Caribbean for approximately $21.3 million for the restoration project. Plaintiff alleges that at least $9.7 million of that invoice was allocated for debts owed to Plaintiff under Plaintiff's subcontract. Plaintiff states that Haliron's only payment to Plaintiff occurred in February 2018, which totaled approximately $3.2 million. Plaintiff further alleges that throughout 2018, Plaintiff repeatedly asked Haliron when it would pay the remaining balance in full. Plaintiff states that Haliron's asserted reason for not paying off Plaintiff's debt was because it had yet to receive adequate payments from Caribbean. However, Plaintiff alleges that Caribbean had already paid Haliron for the debt owed to Plaintiff at the time Plaintiff inquired about the outstanding balance. Plaintiff specifically alleges that Caribbean made two substantial payments to Haliron that were intended to cover the remaining debt owed to Plaintiff, but that Haliron failed to remit any such payments to Plaintiff. Plaintiff alleges that Haliron still owes Plaintiff $7,910,687.68 under the subcontract.

Plaintiff filed the instant lawsuit on February 20, 2019, seeking to recover the debt alleged.[1] The original Complaint (ECF No. 27) named only Haliron as a Defendant. Plaintiff alleges that through discovery, it obtained Haliron's business records which indicate that Haliron believes it owes up to $6.5 million to Plaintiff under the subcontract. It is also alleged that Haliron's managing member, Defendant William Weems, admitted under oath that Haliron owes an unpaid balance to Plaintiff.

Plaintiff filed its Second Amended Complaint (ECF No. 115) on September 8, 2021, alleging generally that while the lawsuit against Haliron was pending, Haliron and its principles transferred both money and property out of Haliron to themselves, their relatives, and other

---

[1] The initial case was brought in state court in Texas but was subsequently removed to the United States District Court for the Western District of Texas. (ECF No. 1). The case was then transferred to the United States District Court for the Western District of Arkansas. (ECF No. 24).

companies they owned in an attempt to avoid the debt Haliron owes Plaintiff under the subcontract. Plaintiff further alleges that Haliron's principles, including Defendant, fabricated a number of sham transactions between themselves and other companies they own in order to avoid the debt. Plaintiff specifically alleges that in furtherance of this scheme, Haliron moved personal property out of Haliron's name without receiving a reasonably equivalent value in exchange. Plaintiff states that these transfers have rendered Haliron insolvent with regard to the debt owed to Plaintiff under the subcontract.

Plaintiff attached an exhibit to its Second Amended Complaint that contains an itemized list of specific financial and property transactions that Plaintiff alleges were done in an attempt to avoid liability on the debt.[2] (ECF No. 115-2). Defendant, as well as co-Defendants, Divine Power LLC, JHL Rental LLC, Holden Traffic LLC, and Arrowhead Estates LLC, are all listed as having received money and/or property from Haliron for the purpose of avoiding the debt alleged. Moreover, Defendant is alleged to be a member of each co-Defendant corporation that received funds or property from Haliron. Plaintiff alleges that Haliron's principles, including Defendant, orchestrated these transactions as part of an overall scheme designed to avoid the debt alleged.

Plaintiff also alleges that Haliron misrepresented facts and destroyed records in an attempt to hinder Plaintiff's efforts to collect the debt alleged. Plaintiff states that Defendant testified under oath that co-Defendant Lynn Weems had never served as one of Haliron's members. However, Plaintiff alleges that it obtained discovery which shows that Lynn Weems had both signed Haliron's operating agreement and was a member of Haliron during part of 2018 through August

---

[2] For the purpose of clarification, the Court ordered Plaintiff to file the exhibit when it granted Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 114).

22, 2019.[3] Plaintiff further alleges that Lynn Weems personally frustrated Plaintiff's efforts to locate Haliron assets by burning equipment records for JHL Rental.

Plaintiff's Second Amended Complaint alleges six counts against Defendant: (1) breach of contract; (2) open account; (3) unjust enrichment; (4) constructive trust; (5) attorney's fees; and (6) fraudulent transfer arising under Arkansas' Uniform Voidable Transfers Act ("UVTA"). *See* Ark. Code Ann. § 4-59-201 *et seq*. Plaintiff argues that it is entitled to pierce Haliron's corporate veil and hold Defendant personally liable on the claims for breach of contract, open account, unjust enrichment, and attorney's fees. Defendant has moved to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The factual allegations of a complaint are assumed true and all reasonable inferences are drawn in plaintiff's favor, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 555-56. A court, however, need not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

---

[3] The Second Amended Complaint does not specify when Lynn Weems became a member of Haliron.

4

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.  DISCUSSION

Defendants filed the instant Motion seeking to dismiss all claims against Defendant, arguing: (1) Plaintiff has failed to allege facts sufficient to show it is entitled to pierce Haliron's corporate veil; (2) Plaintiff has failed to allege facts sufficient to demonstrate Plaintiff is entitled to relief under the UVTA; and (3) that constructive trust is not a separate cause of action under Arkansas law. The Court will consider each argument in turn.

**A. Piercing The Corporate Veil**

Defendant first argues that Plaintiff's claims for breach of contract, open account, unjust enrichment, and attorney's fees should be dismissed against Defendant because Plaintiff has failed to allege facts sufficient to show that it is entitled to pierce Haliron's corporate veil.

A federal court sitting in diversity, like the Court in this case, must apply the substantive law of the forum state, absent a federal statutory or constitutional directive to the contrary. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010). The Court is unaware of a federal statutory or constitutional directive providing otherwise, so Arkansas substantive law applies to this case. "In special circumstances," Arkansas

law allows a "court [to] disregard the corporate facade when the corporate form has been illegally abused to the injury of a third party." *K.C. Properties of N.W. Arkansas, Inc. v. Lowell Invs. Partners, LLC*, 280 S.W.3d 1, 15 (Ark. 2008). "The issue of whether the corporate entity has been fraudulently abused is a question for the trier of fact, and the one seeking to pierce the corporate veil and disregard the corporate entity has the burden of proving that the corporate form was abused to his injury." *Id*. at 16. This Court has been hesitant to dismiss actions that attempt to pierce the corporate veil on a motion to dismiss, even in instances where a plaintiff has failed to plead facts sufficient to show that the corporate form had indeed been abused. *See Birts v. Vermillion*, No. 08-cv-4077, 2009 WL 3126223 at *3 (W.D. Ark. Sept. 23, 2009) (holding that although plaintiff had failed to allege facts sufficient to show that the corporate entities had been abused, the court allowed plaintiff thirty days to conduct discovery into the issue before ruling on the motion to dismiss); *see also Black v. Valley Behavioral Health System, LLC*, No. 2:15-cv-2130, 2015 WL 13655174 (W.D. Ark. Nov. 9, 2015) (holding that a final decision on piercing the corporate veil would be "premature" on a motion to dismiss because the issue "had not yet been fully developed").

The Court finds that Plaintiff has alleged facts which, if true, are sufficient at this stage to pursue causes of action against Defendant in an attempt to pierce the corporate veil. Plaintiff alleges that to avoid the debt alleged, Defendant, along with other principles of Haliron, orchestrated a series of fabricated transactions designed to render Haliron insolvent. Plaintiff states that Defendant either personally, or through various corporate entities in which Defendant is a member, received funds or property in these fabricated transactions with knowledge that the transactions would render Haliron insolvent. Indeed, Plaintiff's list of challenged transactions suggest that Defendant received several large payments from Haliron while this lawsuit was

6

pending.  (ECF No. 115-2).  Plaintiff further alleges that Defendant fabricated whether Lynn Weems had been a member of Haliron in order to hinder Plaintiff's attempt to recover the debt alleged.  Although Plaintiff has the ultimate burden of proving that the corporate form has indeed been abused, the facts alleged in the Second Amended Complaint, if true, are sufficient at this stage for Plaintiff to pursue claims against Defendant in an to pierce the corporate veil.

### B. UVTA

Defendant next argues that Plaintiff's claim for fraudulent transfer should be dismissed because the Second Amended Complaint fails to allege facts sufficient to show that Plaintiff is entitled to relief under the UVTA.

Under Arkansas' UVTA, a transfer by a debtor is voidable as to a creditor if the transfer was made with "actual intent to hinder, delay, or defraud any creditor" or was made "without receiving a reasonably equivalent value in exchange for the transfer or obligation[.]"  Ark. Code Ann. § 4-59-204(a)(1)-(2).  A transfer by a debtor may also be voidable as to a creditor if the creditor's "claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer[.]"  Ark. Code Ann. § 4-59-205(a).  A transfer under these circumstances is voidable "if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time, and the insider had reasonable cause to believe that the debtor was insolvent."  Ark. Code Ann. § 4-59-205(b).

Defendant argues that Plaintiff's fraudulent transfer claim should be dismissed because Plaintiff has failed to plead facts sufficient to show either intent or insolvency.  Defendant also argues that Plaintiff has failed to plead the who, what, where, when and how of the fraud alleged

as required by Federal Rule of Civil Procedure 9(b). The Court will consider each argument in turn.

### 1. Intent

Under Arkansas law, "[b]adges of fraud, i.e., circumstances that are recognized as indicia of fraudulent intent, include insolvency or indebtedness of the transferor, inadequate or fictitious consideration, retention of property by the debtor, the pendency or threat of litigation, secrecy or concealment, and the employment of unusual business practices in the disputed transaction." *Tipp v. United Bank of Durango, Colo.*, 745 S.W.2d 141, 143 (Ark. App. 1988). "All of the above factors do not have to be met in order to find fraud." *In re Mathis*, 258 B.R. 726, 734 (Bankr. W.D. Ark. 1990). Indeed, "[i]t is not the number of badges, but the 'confluence of several [that] can constitute conclusive evidence of an actual intent to defraud.'" *Id*. (citing *In re Sherman*, 67 F.3d 1348, 1354 (8th Cir. 1995)). Moreover, malice and intent can be pled generally. *See* Fed. R. Civ. P. 9(b).

The Court finds that Plaintiff has alleged facts which, if true, are sufficient to show that Defendant—ether personally or through a corporate entity in which Defendant is a member—transferred money and property with the intent to prevent Plaintiff from recovering the debt owed. Plaintiff alleges that Haliron owes an outstanding debt to Plaintiff under the subcontract. Most of the transfers to Defendant challenged in the Second Amended Complaint were completed after Plaintiff initiated this lawsuit to recover the debt alleged. Plaintiff further alleges that Defendant participated in a series of these transactions in order to help Haliron avoid payment of that debt. Indeed, Plaintiff attached an email exchange to the Second Amended Complaint that appears to show Defendant discuss selling property that is "exposed to the open debt[.]" (ECF No. 115-1). These allegations implicate several badges of fraudulent intent recognized under Arkansas law.

Accordingly, if true, Plaintiff has alleged sufficient facts, at this stage, to assert that Defendant engaged in certain transactions with the intent to prevent Plaintiff from recovering the debt owed by Haliron.

### 2. Insolvency

"A debtor is insolvent if, at a fair valuation, the sum of the debtor's debts is greater than the sum of the debtor's assets." Ark. Code Ann. § 4-59-202(a). "A debtor that is generally not paying the debtor's debts as they become due, other than as a result of a bona fide dispute, is presumed to be insolvent." Ark. Code Ann. § 4-59-202(b). "The presumption imposes on the party against which the presumption is directed the burden of proving that the nonexistence of insolvency is more probable than its existence." *Id*.

The Court finds that Plaintiff has alleged facts sufficient to establish a presumption that Haliron was or became insolvent as a result of the challenged transfers. Plaintiff alleges that Haliron admitted it owes a debt to Plaintiff. Plaintiff further alleges that Haliron received funds under the prime contract with Caribbean that were intended to cover the debt Haliron owes Plaintiff. Plaintiff states that Haliron failed to pay the debt owed Plaintiff when the debt became due. These allegations create a presumption of insolvency on behalf of Haliron. Defendant does not rely on any evidence in the record to argue that the nonexistence of insolvency is more probable than its existence. Accordingly, if true, Plaintiff has alleged facts sufficient at this stage to show that Haliron was insolvent at the time or because of the challenged transfers.

### 3. Rule 9(b)

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This pleading standard "demands a higher degree of notice than that required for other claims. The claim must identify

9

who, what, where, when, and how." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). Rule 9 does not require a plaintiff to allege specific details of every alleged fraudulent claim forming the basis of the complaint, but a plaintiff must at least provide some representative examples in order to allow the defendant to respond specifically to the allegations. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557 (8th Cir. 2006). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Although courts are split on whether Rule 9(b) applies to claims of fraudulent transfer, the Court has previously ruled in this case (ECF No. 156) that based upon Eighth Circuit precedent, Rule 9(b) applies to the UVTA. *See Stoebner v. Opportunity Finance, LLC*, 909 F.3d 219, 226, n.6 (8th Cir. 2018).

      The Court finds that Plaintiff's Second Amended Complaint pleads facts sufficient to satisfy Rule 9(b)'s heightened pleading standards. Plaintiff's Second Amended Complaint contains an attachment that details specific transactions that Plaintiff alleges were performed with the intent to avoid the debt owed under the subcontract. (ECF No. 115-2). With regard to the monetary transactions at issue, Plaintiff identifies the date, sender, sender account (if known), recipient, recipient account (if known), and the amount transferred for each transaction challenged. With regard to the personal property transfers at issue, Plaintiff identifies the date in which the challenged transfer took place, describes the property transferred, lists the vin number associated with that property, and identifies the transferee of the property. Plaintiff also provides a similar description for the real property transfers challenged. Both Defendant and the corporations in which Defendant is a member are identified in these transactions as having received money, property, or both. This itemized list provides Defendant with proper notice of the transfers that Plaintiff alleges violate the UVTA because the list details the who, what, where, when, and how

these transactions occurred and allows Defendant to respond accordingly.  Thus, Plaintiff's Second Amended Complaint alleges facts sufficient to satisfy the heightened pleading requirements of Rule 9(b).

### C. Constructive Trust

Defendant next argues that Plaintiff's constructive trust claim should be dismissed because constructive trust is not a cause of action under Arkansas law.

"A constructive trust is an implied trust . . . [that] arises by operation of the law when equity so demands." *Hall v. Superior Federal Bank*, 794 S.W.2d 611, 615 (Ark. 1990).  "A constructive trust arises in favor of persons entitled to a beneficial interest against one who secured legal title either by an intentional false oral promise to hold the title for a specified purpose, or by violation of a confidential or fiduciary duty, or is guilty of any other unconscionable conduct which amounts to a constructive fraud." *Edwards v. Edwards*, 843 S.W.2d 846, 848 (Ark. 1992).  "To impose a constructive trust, there must be full, clear, and convincing evidence leaving no doubt with respect to the necessary facts[.]" *Nichols v. Wray*, 925 S.W.2d 785, 789 (1996).  The United States District Court for the Eastern District of Arkansas has held that constructive trust is a remedy for unjust enrichment rather than a separate cause of action under Arkansas law.  *See Moore v. Mack's Sport Shop, LLLP*, No. 4:16-cv-00540, 2017 WL 4350980 (E.D. Ark. Sept. 29, 2017).

The Court finds that dismissal of Plaintiff's constructive trust claim is not warranted under the circumstances.  Although Defendant is correct that unjust enrichment is not an independent cause of action, Defendant makes no argument that Plaintiff has failed to allege facts sufficient to show that Plaintiff is entitled to pursue constructive trust as a remedy in this case.  If Plaintiff succeeds in its unjust enrichment claim, it may also seek to establish a constructive trust for the property underlying that claim.  Because Plaintiff must prove the elements necessary to impose a

constructive trust in addition to the elements for unjust enrichment, the Court finds no fault in Plaintiff styling its constructive trust request as a separate claim. Indeed, presenting constructive trust as a separate claim serves only to provide notice that Plaintiff intends to seek a constructive trust and does not alter the burden of proof Plaintiff must ultimately maintain in order to prevail. Accordingly, the Court finds that dismissal of Plaintiff's constructive trust claim is not warranted under the circumstances.

## IV.  CONCLUSION

Based on the forgoing, Plaintiff has alleged facts which, if true, are sufficient at this stage for Plaintiff to pursue causes of action against Defendant in an attempt to pierce the corporate veil. Moreover, Plaintiff has pled facts with sufficient particularly which, if true, are sufficient to maintain a cause of action under the UVTA and Federal Rule of Civil Procedure 9(b). Finally, the Court finds no reason to dismiss Plaintiff's constructive trust claim under the circumstances. Accordingly, Defendant's motion to dismiss (ECF No. 126) is hereby **DENIED**. Defendant's Motion to Stay (ECF No. 144) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 3rd day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge