IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC SERVICES, INC.                                          PLAINTIFF

vs.                                    Civil No. 4:19-cv-04157

HALIRON POWER, LLC,
WILLIAM WEEMS,
LYNN WEEMS a/k/a JESSICA LYNN
WILLIAMS, DIVINE POWER, LLC, JHL
RENTAL LLC, HOLDEN TRAFFIC LLC,
and ARROWHEAD ESTATES LLC                                                DEFENDANTS

**ORDER**

Before the Court is Separate Defendant William Weems (ECF No. 122), Divine Power, LLC., ("Divine"), JHL Rental LLC., ("JHL"), Holden Traffic, LLC., ("Holden"), and Arrowhead Estates LLC., ("Arrowhead") (ECF No. 123), and Lynn Weems, (ECF No. 124) (Collectively referred to as "Separate Defendants") Motions to Quash Subpoena, or alternatively, Motions for Order of Protection.  Plaintiff, Foreman Electric Services, Inc. responded to each Motion.  ECF Nos. 138, 139, and 140.  A Zoom Hearing was held on these Motions on December 6, 2021.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court, and it is now ripe for consideration.

**1.  Background**

The Separate Defendants have filed nearly identical Motions to Quash, or alternatively, Motions for Order of Protection.  ECF Nos. 122, 123, and 124.  The Motions involve subpoenas Plaintiff served upon three financial institutions seeking bank records of the Separate Defendants.

1

In their Original Complaint, Plaintiff alleges it provided Defendant Haliron Power, Inc. ("Haliron") with goods, materials, and services on an open account and that Haliron failed to pay the invoices. ECF No. 1-1. In Plaintiff's Second Amended Complaint, (ECF No. 115) Plaintiff alleges that while the lawsuit against Haliron was pending, Haliron and its principles, including Defendants William Weems and Lynn Weems, transferred both money and property out of Haliron to themselves, their relatives, and other companies they owned in an attempt to avoid the debt Haliron owed Plaintiff. The Defendants Divine Power LLC, JHL Rental LLC, Holden Traffic LLC, and Arrowhead Estates LLC are alleged to have received money or property from Haliron for the purpose of avoiding the debt. Plaintiff alleges these transactions were part of an overall scheme designed to avoid the debt alleged.

On September 15, 2021, Plaintiff's counsel served subpoenas upon State Bank of DeKalb, Texana Bank National Association, and First National Bank of Tom Bean. ECF No. 122-1, 2, and 3. Each subpoena sought bank account information of the Separate Defendants that included (1) all records identifying owners and beneficiaries of the accounts, (2) bank statements for each account from 1-1-18 to present, (3) any and all Powers of Attorney for each account, and (4) any records evidencing the date such accounts were closed. *Id.*

On September 28, 2021, the Separate Defendants filed nearly identical Motions to Quash, or alternatively, Motions for Order of Protection regarding Plaintiff's attempts to obtain the bank records. The Separate Defendants objected to the subpoenas for the following reasons: (1) the subpoenas are overbroad, (2) the requested documents are not relevant (3) the timing of the discovery is not ripe, (4) the documents being sought are for the purpose of harassment, and (5)

the requested records contain proprietary, confidential, and private-non-public commercial information of both Defendant and other third parties. ECF Nos. 122, 123, and 124.[1]

## 2. Applicable Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery in this action. Fed. R. Civ. P. 26(b)(1). The Rule permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the Federal Rules of Civil Procedure. *Rice v. U.S.*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995). As such, a subpoena is bounded by the same standards that govern discovery between the parties. Additionally, on a motion to quash or modify a subpoena, the moving party has the burden of proof. Fed. R. Civ. P. 45(d)(3)(A).

## 3. Discussion

As stated above, the Separate Defendants objected to the subpoenas for the following reasons: (1) the subpoenas are overbroad, (2) the requested documents are not relevant (3) the timing of the discovery is not ripe, (4) the documents being sought are for the purpose of harassment, and (5) the requested records contain proprietary, confidential, and private-non-public commercial information of both Defendant and other third parties. ECF Nos. 122, 123, and 124. The Court will address each of these objections.

---

[1] The Court would note that during the hearing, counsel for the Separate Defendants acknowledged providing some responsive banking documents through discovery requests.

### A. Separate Defendants lack standing to raise objection on the breadth of subpoenas

The Separate Defendants initially object to the subpoena arguing the requests are overbroad in that Plaintiff is seeking "all documents reflecting owners and beneficiaries, bank statements, powers of attorney, and records if such accounts were closed for a period of nearly four years". ECF Nos. 122, pg. 2, 123, pg. 3, and 124, pg. 2.

Separate Defendants lack standing to challenge the breadth of these third-party subpoenas, as the "undue burden" of production would not fall on them and that argument is best reserved for the third party. *See Crain v. Crain,* 2020 WL 8182189, at *3 (W.D. Ark. Nov. 5, 2020).[2]

### B. The requested documents are relevant

The Separate Defendants argue the financial documents sought by the subpoenas are not relevant to the subject matter of the litigation. ECF Nos. 122, pg. 3, 123, pg. 3, and 124, pg. 3. With the Second Amended Complaint (ECF No. 115), Plaintiff has alleged claims of fraudulent transfer in violation of Arkansas Uniform Voidable Transaction Act. Plaintiff also seeks to pierce Haliron's corporate veil to impose personal liability on Defendant William Weems and Lynn Weems for the alleged fraudulent transfers.

The financial records sought from the three financial institutions are relevant to Plaintiff's claims of fraudulent transfer in violation of Arkansas Uniform Voidable Transaction Act and to Plaintiff's claims attempting to establish alter ego liability. These records would be relevant to showing: (1) what the Separate Defendants did with funds Plaintiff alleges were fraudulently transferred; (2) what consideration the Separate Defendants gave, if any, for alleged transfers; and

---

[2] In this matter there have been no objections made or appearances on behalf of any of the financial institutions which are the subject of the subpoenas.

(3) whether the Separate Defendants took funds belonging to Haliron that should have been used to pay Haliron's creditors, such as Plaintiff. It is hard to imagine any documents more relevant for a claim of fraudulent transfer of assets, than financial documents of the parties related to the transfers at issue.[3]

### C. The timing of the discovery is ripe

The Separate Defendants also argue that even if the documents sought by Plaintiff are relevant, the timing of Plaintiff's subpoenas is not ripe. ECF Nos. 122, pg. 3, 123, pg. 3, and 124, pg. 3. The Separate Defendants argument is that the Plaintiff has sued Haliron for funds it asserts were due to it under the terms of a contract to which the Separate Defendants were not a party. *Id.* They further argue that whether any funds are due to Plaintiff is contingent upon whether there is a finding in favor of each of Plaintiff's causes of action against Haliron. *Id.*

This argument of ripeness raised by Separate Defendants fails based on the fact that Plaintiff has asserted fraudulent transfer claims against Separate Defendants with the Second Amended Complaint. Pursuant to the Arkansas Uniform Voidable Transaction Act, a "creditor" is any person with a "claim", that is, a right to payment, whether or not the right is reduced to judgment. *See* Ark. Code § 4-59- 201(3), (4).

---

[3] It should be noted Defendants Divine, JHL, Arrowhead and Holden Motion to Dismiss (ECF No. 130) was denied based on a finding that Plaintiff alleged facts which, if true, were sufficient to maintain a fraudulent transfer claim against Defendants under Arkansas' Uniform Voidable Transfers Act "UVTA". ECF No. 156. Also, a Motion to Dismiss (ECF No. 126) by Defendant William Weems was denied based on a finding Plaintiff had alleged facts sufficient for Plaintiff to pursue causes of action against Weems in an attempt to pierce the corporate veil. ECF No. 165.

### D.  The documents are not being sought for the purpose of harassment

Separate Defendants argue the subpoenas are for the purpose of harassment because "Plaintiff has failed to allege how Defendant has violated any laws that would make Defendant liable to Plaintiff personally."  ECF Nos. 122, pg. 4, 123, pg. 5, and 124, pg. 4.

Similar to the ripeness issue, this argument fails because Plaintiff has asserted fraudulent transfer claims against the Separate Defendants with the Second Amended Complaint.[4]  The documents sought are directly related to the those claims.

### E.  The Courts previous Protective Order will protect any privacy concerns of Defendants

Finally, the Separate Defendants argue they have a recognized and protected privacy right to its financial information pursuant to the Gramm-Leach-Bliley Act.  *See* 15 U.S.C.A. § 6801 *et seq*.  ECF Nos. 122, pg. 5, 123, pg. 5, and 124, pg. 5.  They also argue the requested documents seek disclosure of proprietary, confidential, and private-non-public commercial information of the Separate Defendants.  *Id.*

The Gramm–Leach–Bliley Act requires financial institutions to protect the security and confidentiality of their customers' nonpublic personal information.  However, the statute specifically allows a financial institution to produce non-public financial information of customers to comply with civil subpoenas.  *See* 15 U.S.C.A. § 6802(e)(8).

Further, even assuming the subpoena request seeks disclosure of proprietary, confidential, and private-non-public commercial information of the Separate Defendants, the previously entered

---

[4] During the hearing, counsel for Separate Defendants argued a "generic" discovery abuse by Plaintiff which was harassing and argued the possibility of a stay of discovery.  This matter has not been briefed by the parties and is not being considered by the Court.

Protective Order (ECF No. 76) would protect any privacy concerns of the Separate Defendants. The terms of the Protective Order specifically apply to financial records and prohibit the parties and attorneys from communicating any financial records to any person except for a purpose related to discovery, litigation, or trial of this matter.  ECF No. 76, pg. 1.

### 4.  Conclusion

This Court, having heard the parties arguments and review of briefing, finds Separate Defendants Motions to Quash, or alternatively, Motions for Order of Protection (ECF Nos. 122, 123, and 124) should be **DENIED.**   All other relief not granted herein is **DENIED**.

**IT IS SO ORDERED this 15th day of December 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE