IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC SERVICES, INC.                                              PLAINTIFF

vs.                                          Civil No. 4:19-cv-04157

HALIRON POWER, LLC,
WILLIAM WEEMS,
LYNN WEEMS a/k/a JESSICA LYNN
WILLIAMS, DIVINE POWER, LLC, JHL
RENTAL LLC, HOLDEN TRAFFIC LLC,
and ARROWHEAD ESTATES LLC                                                    DEFENDANTS

### ORDER

Pending now before the Court is Plaintiff's Motion to Compel as to Defendant William Weems. ECF No. 193. Defendant William Weems has responded. ECF No. 194. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court.

From a review of the briefing of these Motions, it appears the parties actions in conferring in an effort to resolve these disputes has been by written letters. Local Rule 7.2(g) requires "[a]ll motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders *shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute* and that they are not able to resolve their disagreements without the intervention of the Court." (emphasis added). Local Rule 7.2(g) further provides the following: "If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule." "Confer" in the context of Rule 7.2 generally means to discuss or exchange ideas on a particular subject. "Good faith" means to act honestly in

1

one's dealings.  As used in Rule 7.2 "confer in good faith" directs counsel to honestly discuss the issue or issues at hand; not to demand the other side acquiesce in some course of conduct.  Sending written demands does not amount to an effort to confer in "good faith."

As a result, before this Court takes further action on these Motions, <u>the Parties, through counsel, are directed to communicate either in person or by video conference to discuss resolution of the discovery matters at issue</u>.  An exchange of correspondence will not satisfy the directive. Following this communication, the Parties will provide a Joint Report to the Court by March 8th, 2022, setting forth the remaining disputed discovery requests along with each Parties contentions as it relates to each remaining disputed discovery request.  If matters remain unresolved, this Motion may be set for a hearing.

**IT IS SO ORDERED this 23rd day of February 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE