IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FOREMAN ELECTRIC SERVICES, INC.                                        PLAINTIFF

v.                                    Case No. 4:19-cv-4157

HALIRON POWER, LLC;
WILLIAM WEEMS;
LYNN WEEMS a/k/a JESSICA LYNN
WILLIAMS; DIVINE POWER, LLC; JHL
RENTAL LLC; HOLDEN TRAFFIC LLC;
and ARROWHEAD ESTATES LLC                                              DEFENDANTS

## ORDER

Before the Court is Separate Defendant Lynn Weems' Rule 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction, Motion to Stay Deposition, and Motion for Emergency Hearing. (ECF No. 198). Also before the Court is a substantively similar motion to dismiss filed by Separate Defendants Divine Power, LLC; JHL Rental LLC; Holden Traffic LLC; and Arrowhead Estates LLC. (ECF No. 200). Also before the Court are respective motions (ECF Nos. 201, 202) to withdraw the above filings. Finally, before the Court is a motion to withdraw as counsel to Separate Defendant Lynn Weems. (ECF No. 203).

On February 23, 2022, at 5:28 P.M., Defendant Lynn Weems filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), contending, *inter alia*, that dismissal of this case is required because the Texas state court from which this case was removed lacked subject matter jurisdiction, meaning this Court did not acquire subject matter jurisdiction upon removal and transfer. (ECF No. 198). Later that day, Separate Defendants Divine Power, LLC; JHL Rental LLC; Holden Traffic LLC; and Arrowhead Estates LLC filed a substantively similar motion, adopting the prior motion to dismiss by reference. (ECF No. 200).

On February 24, 2022, Separate Defendants Divine Power, LLC; JHL Rental LLC; Holden Traffic LLC; and Arrowhead Estates LLC filed a motion for leave to withdraw their motion to dismiss. (ECF No. 201). Separate Defendant Lynn Weems also filed a motion to withdraw her motion to dismiss, stating that after it was filed, counsel discovered that the doctrine of derivative jurisdiction, which served as the basis for the motion, was abrogated by Congress in 1985. (ECF No. 202). Counsel to Separate Defendant Lynn Weems then filed a motion to withdraw as her counsel in this matter because of a conflict of interest that recently arose. (ECF No. 203).

Upon consideration, the Court finds good cause to allow the parties to withdraw their filings. The parties' motions to withdraw their filings (ECF Nos. 201, 202) are hereby **GRANTED**. The motions to dismiss (ECF Nos. 198, 200) are hereby **WITHDRAWN**.

Now the Court turns to counsel's motion to withdraw as counsel of record to Separate Defendant Lynn Weems (ECF No. 203). Ralph K. Burgess, Mark C. Burgess, and John Mark Burgess ask to withdraw as counsel of record but have not provided the Court with Separate Defendant Lynn Weems' current address. It is necessary for the Court to have an accurate address for Separate Defendant Lynn Weems so that future orders and other communication can be mailed to her. The Court **DIRECTS** Ralph K. Burgess, Mark C. Burgess, and John Mark Burgess to file a notice of Separate Defendant Lynn Weems' current address **on or before March 3, 2022**. The Court's ruling on the motion to withdraw as counsel is deferred until that information is received.

**IT IS SO ORDERED**, this 24th day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge